UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL J. ROGERS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C03-0650JCC-MJB

ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Monica J. Benton (Dkt. No. 56) ("R&R"), Petitioner's Objections to the R&R (Dkt. No. 56) ("Pet'r Obj."), and Respondent's Objections to the R&R (Dkt. No. 58) ("Resp't Obj."). The Court, having reviewed these documents and the remaining record, hereby finds and rules as follows:

**I.    BACKGROUND**

On November 28, 2001, Petitioner was arrested for the robbery of seventeen banks in the Puget Sound region over the course of five months. On February 14, 2002, Petitioner entered into a plea agreement with the government in which he agreed to plead guilty to a superseding information charging him with eight counts of bank robbery and to pay restitution in the amount of $46,012. (Case No. CR01-446JCC, Mins. of Plea Hr'g (Dkt. No. 14).) In exchange for Petitioner's plea, the government agreed

ORDER – 1

that it would not seek more than a two-level upward departure from the applicable sentencing guideline range at the time of sentencing. Additionally, Petitioner reserved the right to oppose a motion for an upward departure but agreed not to seek a downward departure from the applicable range. Both the prosecuting attorney and defense counsel negotiated under the belief that Petitioner's criminal history category would calculate to a level of four. (*Id.*, Sen'g Tr. (Dkt. No. 23) 6.)

After calculating Petitioner's offense level, the applicable sentencing range was 63 to 78 months. The government, in its sentencing memorandum, thereafter sought an upward departure from the applicable sentencing range on two alternative grounds: (1) to compensate for Petitioner's lower-than-expected criminal history score that under-represented his prior criminal history and the likelihood of recidivism, or (2) to account for two bank robberies that were not counted in the calculation of the applicable guideline range. At the April 26, 2002, sentencing hearing, Petitioner exercised his right to oppose the government's request for an upward departure and argued for the bottom of the guideline range. (Case No. CR01-446JCC, Sen'g Tr. (Dkt. No. 23) 3). Noting that an upward departure would have been appropriate on either ground, this Court granted the upward departure based on Petitioner's offense level. (*Id.* at 11.)

Petitioner had two interactions with Ms. Deutsch after his sentencing hearing. First, Petitioner testified that immediately after being sentenced, he told his attorney, Paula Semmes Deutsch, to file an appeal, and that when she asked on what grounds, his response was, "You're the lawyer; you figure it out." (Tr. (Dkt. No. 45) 8.) Second, he testified that he called Ms. Deutsch from FDC SeaTac, and that she told him that she did not believe there were meritorious grounds for appeal. Petitioner then stated "Okay, whatever," and hung up the phone. (*Id.* at 10.)

On March 12, 2003, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) Thereafter, on November 4, 2003, Petitioner filed an amended § 2255 motion, asserting in pertinent part that he was denied effective assistance of counsel during the course of his plea bargaining and sentencing and with respect to his appellate rights. However, due to

ORDER – 2

factual inconsistencies in Petitioner's assertions regarding his own and his attorney's actions, Judge Benton determined an evidentiary hearing was necessary to resolve Petitioner's ineffective assistance of counsel claim. The hearing was held on June 7, 2005. (Dkt. No. 45.)

The R&R recommends that this Court conclude that Petitioner was not denied the right to effective assistance of counsel and to deny Petitioner's § 2255 motion in its entirety. Neither side disputes the Magistrate Judge's finding that Ms. Deutsch provided effective assistance of counsel during the course of Petitioner's plea bargaining and sentencing. Accordingly, the only claim at issue here is whether Petitioner was denied effective assistance of counsel with respect to his appellate rights.

## II.   ANALYSIS

This Court reviews the record *de novo* when considering objections to a Magistrate Judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1).

A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation was deficient in that it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In *Roe v. Flores-Ortega*, the Supreme Court held that *Strickland's* ineffective assistance of counsel test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195 (9th Cir. 2004) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 473 (2000)). Under *Flores-Ortega*, to answer whether the first prong of the *Strickland* test is satisfied, a court must first determine whether "counsel in fact consulted with the defendant about an appeal." 528 U.S. at 478. If counsel has not consulted with the defendant about an appeal, a court must next determine if counsel had "a constitutionally imposed duty to consult with the defendant." *Id.* at 480. The constitutionally imposed duty to consult exists only where (1) a rational defendant would want to appeal, or (2) the defendant claiming ineffective assistance reasonably demonstrated that he/she was interested in appealing. *Sandoval-Lopez*, 409 F.3d at 1196.

   A.   *Respondent's Objections*

ORDER – 3

Respondent objects to the Magistrate Judge's finding that Ms. Deutsch failed to consult with Petitioner about filing an appeal and argues that this Court should find that Ms. Deutsch attempted to consult with Petitioner.  However, as Magistrate Judge Benton noted, "consultation" has a specific meaning under *Flores-Ortega*, which requires "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." 528 U.S. at 478.  The record indicates that Ms. Deutsch only had two conversations with Petitioner regarding an appeal, neither of which were initiated by her.  Although there is evidence in the record indicating Petitioner understood that Ms. Deutsch did not believe there were grounds for an appeal, the record does not indicate that Petitioner understood the advantages or disadvantages of filing an appeal or that she took reasonable steps to discover his wishes.  Although Petitioner did hang up on Ms. Deutsch during the second conversation, this fact alone cannot absolve her of the responsibility to make a reasonable effort to discover Petitioner's wishes.

Ms. Deutsch's failure to consult is of no constitutional moment, however, unless there existed a constitutionally imposed duty to consult.  For the reasons discussed below, the Court finds that under *Flores-Ortega*, there was no constitutional duty to consult, and accordingly that Ms. Deutsch's performance was not deficient under *Strickland*.

    B.    *Petitioner's Objections*

The Court does not find that Petitioner's objections raise any issues not properly addressed by the Magistrate Judge with respect to her conclusion that Ms. Deutsch's failure to consult was not unreasonable.  Petitioner argues that a rational defendant would appeal a sentence that was "6 months longer than 'the sentence he would likely receive absent the departure'" (Pet'r Obj. 1), and the fact that Petitioner reserved his right to contest upward departures suggests an appeal would have necessarily been forthcoming.  The Court disagrees.  Petitioner preserved and exercised his right to contest an upward departure at the sentencing hearing. (Case No. CR01-446JCC, Sen'g Tr. (Dkt. No. 23) 2–4.)  In addition, sentencing judges exercise broad discretion to depart from the applicable guideline range, and

ORDER – 4

1  Petitioner did receive a sentence that he bargained for. *See United States v. Working*, 287 F.3d 801, 809
2  (9th Cir. 2002). Furthermore, Petitioner does not dispute the fact that he apparently received a more
3  favorable sentence than was within the contemplation of the parties at the time he entered into his plea
4  agreement. Accordingly, this Court agrees with the Magistrate Judge's conclusion that the record does
5  not support the conclusion that a rational defendant would have wanted to appeal in this case.

6  Petitioner next objects to the Magistrate Judge's conclusion that Petitioner did not reasonably
7  demonstrate a desire to appeal, arguing that he could not have properly communicated this desire if Ms.
8  Deutsch did not consult with Petitioner about filing an appeal, thereby suggesting that the Magistrate
9  Judge's conclusions are inconsistent. However, *Flores-Ortega* articulated the two-pronged inquiry into
10 an attorney's constitutional duty to consult precisely under circumstances where the attorney did *not*
11 engage in consultation.[1] *See Flores-Ortega*, 528 U.S. at 478 ("If counsel has *not* consulted with the
12 defendant, the court must in turn [determine whether there was a constitutional duty to do so].")
13 (emphasis added). Accordingly, this Court finds that the Magistrate Judge properly applied the *Flores-*
14 *Ortega* framework. Moreover, although Petitioner notes that there is evidence in the record suggesting
15 Petitioner subjectively wished to appeal, the ultimate inquiry under *Flores-Ortega* is whether Petitioner
16 *reasonably* demonstrated a desire to file an appeal. The Court agrees with the Magistrate Judge's finding
17 that the evidence in the record does not support Petitioner's argument that he reasonably demonstrated a
18 desire to appeal.[2]

---

[1] The Court also notes that Petitioner testified he understood his right to file an appeal at his sentencing hearing. (Case No. CR01-446JCC, Sen'g Tr. (Dkt. No. 23) 11–12.)

[2] Contrary to Petitioner's assertions, there is no evidence on the record that Petitioner "consistently stated" that he wanted to file an appeal. (Pet'r Obj. 2.) Although Petitioner did tell Ms. Deutsch to file an appeal after his sentencing hearing, he also instructed her to determine the grounds for that appeal. During their second conversation, Ms. Deutsch indicated to Petitioner that she did not believe there were meritorious grounds for the appeal. At this point, rather than unequivocally restating his desire to file an appeal, Petitioner instead replied "[o]kay, whatever" and ended the conversation. He did not make any effort to pursue an appeal after this conversation. A reasonable reading of this record does not support a finding that Petitioner clearly indicated a desire to appeal.

ORDER – 5

Accordingly, the Court does hereby find and ORDER:

(1) The Court DENIES Petitioner's and Respondent's objections;

(2) The Court ADOPTS the Report and Recommendation;

(3) Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DISMISSED with prejudice; and

(4) The Clerk is directed to send copies of this Order to the parties and to Magistrate Judge Monica J. Benton.

SO ORDERED this 22nd day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 6