UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL J. ROGERS,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. C03-650JCC-MJB

ORDER

        This matter comes before the Court on Petitioner's motion for a certificate of appealability ("COA") (Dkt. No. 63), and Respondent's Opposition thereto (Dkt. No. 65). Having reviewed Petitioner's motion and the full record in this case, the Court hereby finds and rules as follows.

        To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must "sho[w] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Where, as here, a district court has rejected the constitutional claims on the merits, "'the petitioner must demonstrate that reasonable jurists would find the assessment of the constitutional claims debatable or

ORDER – 1

wrong.'" *Miller-El*, 537 U.S. at 338. This standard also requires prisoners seeking a COA to prove "'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Id.* at 338.

The Court declines to issue a COA on Petitioner's first claim that reasonable jurists could debate whether a rational defendant would want to appeal the Court's upward departure at his sentencing hearing.[1] Initially, the Court notes that Petitioner essentially argues that a COA should issue on *all* petitions involving an upward departure at sentencing, which would effectively eviscerate the U.S. Supreme Court's warning that the "issuance of a COA must not be *pro forma* or a matter of course." *Id.* at 337. In addition, the circumstances surrounding the calculation of Petitioner's sentence weigh against a finding that reasonable jurists could debate whether a rational defendant would appeal the sentence imposed in the present case, as Petitioner (1) entered his plea pursuant to a plea agreement; (2) exercised his right to contest the government's request for an upward departure; (3) received the sentence he bargained for; and (4) received a more favorable sentence than was contemplated during plea negotiations. Although Petitioner claims that he would not have abandoned his right to contest an upward departure in his sentence, this argument does no more than demonstrate "something more than the absence of frivolity," regarding his request for a COA on this issue, which is an insufficient showing.

The Court also declines to issue a COA on Petitioner's second claim that he reasonably demonstrated that he wished to appeal. Petitioner challenges the Court's finding of fact as to the level of his desire to file an appeal by arguing that reasonable jurists could debate whether or not his statement that he wanted to appeal was "negated" by his subsequent statement that his attorney, Ms. Deutsch, should determine the grounds for appeal. This argument is unpersuasive. Neither the Magistrate Judge nor this Court found that Petitioner ever gave an unequivocal *specific instruction* to Ms. Deutsch to file an appeal. Rather, after holding an evidentiary hearing precisely on this issue, the Magistrate Judge found

---

[1] Petitioner's applicable guideline range prior to any departure was 63 to 78 months. This Court, after granting an upward departure, imposed a sentence of 84 months.

ORDER – 2

that Petitioner had some communication with Ms. Deutsch regarding the filing of an appeal but that Petitioner's subsequent conduct, *in addition* to his request to Ms. Deutsch to determine the grounds for an appeal, warranted a finding that he had not reasonably demonstrated a desire to file an appeal. This Court adopted that finding, noting also that Petitioner had ample opportunity to instruct Ms. Deutsch to file an appeal but apparently refused to do so, and that Petitioner made no further efforts at securing an appeal thereafter. Accordingly, in light of Ms. Deutsch's own testimony that she would have filed an appeal if petitioner had insisted that she do so, the Court is not convinced that, in light of the evidence in the record and Petitioner's argument, that reasonable jurists would disagree with the Court's factual findings on the issue of Petitioner's desire to appeal. *See also United States v. Taylor*, 339 F.3d 973, 977-78 (D.C. Cir. 2003) (affirming district court's decision to credit attorney's testimony that defendant did not give an express instruction to appeal despite defendant's testimony to the contrary).

      Petitioner also argues that it is inconsistent to conclude both that Petitioner's attorney did not consult with him about his appellate rights and that Petitioner did not reasonably demonstrate his desire to appeal. The Court finds no such inconsistency. First, Petitioner's argument necessarily fails because it invites this Court to disagree with the analysis set forth in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). A court must inquire into whether a consultation occurred *before* determining whether a particular defendant reasonably demonstrated an interest in appealing. *Id.* at 471. Second, notwithstanding the foreclosure of Petitioner's argument by the analysis in *Flores-Ortega*, the fact that no consultation has occurred does not *per se* undermine a defendant's ability to reasonably demonstrate an interest in appealing, as Petitioner seems to suggest. Petitioner was advised of his right to file an appeal at sentencing. In addition, even after it became apparent that Ms. Deutsch did not believe there were meritorious grounds for an appeal, Petitioner could have nevertheless instructed Ms. Deutsch to proceed with an appeal, but did not do so. *Cf. United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005) (noting the contrary-to-common sense proposition that "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the

ORDER – 3

plea agreement and harmful to your client."). Accordingly, Petitioner has failed to show that reasonable jurists could debate whether he reasonably demonstrated a desire to appeal in the present case.

For the foregoing reasons, the Court DENIES Petitioner's motion for the issuance of a COA.

SO ORDERED this 7th day of April, 2006.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 4